## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

WILLARD REVELS,

     Plaintiff,                         Case No: 8:23-cv-02668

v.

MORGAN & ASSOCIATES, P.C.,
an Oklahoma professional corporation, and
BOBBY G. IRBY, ESQ., an individual,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.    This action arises from Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The statute provides for civil liability for a wide range of abusive actions, including, but not limited to the use of any false representation or deceptive means to collect or attempt to collect any debt. "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Lewis v. Marinosci Law Grp., P.C.,* 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013). Defendants violated numerous provisions of the FDCPA and caused Plaintiff tangible injury while

attempting to unlawfully (in violation of Florida law) extract payment from Plaintiff.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The FDCPA is a federal statute.

3.     Venue is proper in this judicial district because Defendants engaged in the complained of collection activities in this district. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.").

## PARTIES

4.     Plaintiff, Willard Revels ("Plaintiff"), is a natural person and resident of Winter Haven, Florida. Winter Haven is located in Polk County.

5.     Plaintiff, as further described herein, is a consumer as defined by 15 U.S.C. § 1692a(3).

6.     Defendant Morgan & Associates, P.C. ("Morgan") is an Oklahoma professional corporation whose headquarters are located at 2601 Northwest Expy., Suite 205E, Oklahoma City, OK 73112, and whose

registered agent for service of process is Porter H. Morgan, III, 2601 NW Expy., Ste. 1000 E, Oklahoma City, OK 73112.

7.      Defendant Bobby G. Irby, Esq. ("Irby") is an individual believed to reside at 14025 N Eastern Ave Apt 1521, Edmond, OK 73013, and may be served at his residence or his place of employment, 2601 Northwest Expy., Suite 205E, Oklahoma City, OK 73112.

8.      Irby is an attorney employed at Morgan and, as such, Morgan is vicariously liable for all of the violative practices engaged in by Irby as further alleged in this complaint. *See Thompson v. Orange Lake Country Club, Inc.*, 224 F. Supp. 2d 1368 (M.D. Fla. 2002) ("Generally, a corporate employer can be held vicariously liable for an intentional act of its employee when the employee is acting within the scope of the employer's apparent authority, even if the employer did not permit or otherwise authorize the act, or it was not necessary or appropriate to serve the interest of the employer.").

9.      Accordingly, at all times herein, Defendants Morgan and Irby are collectively referred to as "Defendants."

10.     Defendants, through the use of various instrumentalities of interstate commerce, are engaged in a business the principal purpose of which is the collection of "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6). During the time frame relevant to this complaint, neither Defendant was registered with the State of Florida as a consumer collection agency.

## FACTUAL ALLEGATIONS

12.     On or about December 12, 2020, Defendants, on behalf of their client, Citibank, N.A., obtained a default judgment against Plaintiff in the District Court of Pittsburg County, Oklahoma, Case Number CS-2019-00359.[1]

13.     Plaintiff has no recollection of receiving a copy of the judgment.

14.     On or around October 29, 2021, Plaintiff relocated to Florida and in or around November, 2021, obtained employment at Tampa Bay Pulmonary Associates, P.A. ("TBPA"), a medical provider located in Tampa, Florida. To date, Plaintiff is still employed at TBPA.

15.     Subsequent to obtaining the judgment and irrespective of the fact that TBPA had no contacts in the State of Oklahoma, Defendants applied for and were able to obtain a continuing writ of garnishment with TBPA as the prospective garnishee.[2]

---

[1] Plaintiff has no present recollection of being served in this matter.
[2] The Pittsburg County court (apparently not recognizing its lack of jurisdiction) granted Defendants' application and entered a continuing writ of garnishment as to TBPA on or about June 20, 2023.

4

16.    On or about June 26, 2023, Defendants sent to TBPA via Certified Mail, a packet of documents purporting to be "official court documents for garnishment on the above stated case.[3]"

17.    Plaintiff was not copied on the documents and did not become aware of them until being advised of their existence by his employer.

18.    12 OK Stat § 12-1171 (2014) states:

"A. Any creditor shall be entitled to proceed by garnishment in ***any court having jurisdiction against any person who shall be indebted to the creditor's debtor*** or has any property in his possession or under his control belonging to such creditor's debtor, in the cases, upon the conditions, and in the manner described by law." (Emphasis added.)

19.    As an initial matter, TBPA is a Florida corporation organized under the laws of the State of Florida and is not subject to the jurisdiction of the laws of the State of Oklahoma. TBPA is exclusively located in the State of Florida and TBPA does not advertise or have other minimal contacts which could confer general jurisdiction over TBPA outside of the State of Florida. Accordingly, the Pittsburg County, Oklahoma court had no jurisdiction over TBPA when it entered the garnishment order, hence making it void and unenforceable.[4]

---

[3] The "above stated case" refers to the Oklahoma case CS-2019-00359.

[4] A judgment or order is facially void when the face of the record reveals one of the three elements of jurisdiction was absent, i.e., jurisdiction over the parties, jurisdiction over the subject matter, or jurisdictional power to pronounce the particular decision that was entered, is shown to have been absent. *In re Estate of Davis*, 132 P.3d 609, 613, 2006 O.K. CIV. APP. 31 (Okla. Civ. App. 2005).

20.     Notwithstanding the void garnishment order, Defendants again went to the Pittsburg County court on August 9, 2023, and obtained a second (again void) order directing TBPA to respond to the original garnishment or be held in default and further stating that if TBPA did not "deliver any money or property" to Defendants within 10 days of the order that "judgment will be rendered against the said garnishee in the amount of $9,366.01."

21.     Defendants, having been in the debt collection business for over 35 years, knew or should have known that the Pittsburg County court had no jurisdiction over TBPA, yet they went before the Pittsburg County court and by trick or deception obtained a void order of garnishment against TBPA and used that order against TBPA and Plaintiff in an attempt to collect a debt.

22.     Rather than domesticate the judgment in Florida and pay a Florida licensed attorney to initiate a garnishment action in Hillsborough County, Defendants intentionally elected to proceed in an improper forum, ostensibly to save money and sidestep clearly established law relating to collection of a foreign judgment in the State of Florida.

23.     Indeed, TBPA was so intimidated by Defendants' tactics that it, on its own accord, paid Defendants the entire amount of the judgment, $9,366.00.

24.     TBPA, having paid Defendants out of its own treasury, unilaterally began to withdraw money from Plaintiff's weekly paycheck, referring to it as repayment of a "loan." As such, in order to retain his job, Plaintiff is now forced to pay TBPA a portion of his paycheck every week until the "loan" is paid.

25.     The intimadatory collection tactics employed by Defendants have (among other things) caused Plaintiff to become unwillingly indebted to his employer, threatened his  job, and placed his livelihood in peril.

## A. Domesticating a Judgment in Florida.

26.     Florida Enforcement of Foreign Judgment Act (FEFJA) allows holders of uncollected foreign judgments to domesticate the judgment and have a writ of execution issued in the Florida County where the judgment is recorded without having to file suit or pay a filing fee. Domestication of a foreign judgment allows it to be enforced as if it was a Florida judgment. Fla. Stat. §§55.501–55.509. *See also Pratt v. Equity Bank, NA*, 124 So. 3d 313, 315 (Fla. Dist. Ct. App. 2013).

27.     Upon information and belief, Defendants are aware of this fact but intentionally chose not to domesticate the judgment in Florida in an effort to bypass Florida law and to strip Plaintiff of his rights under Florida law.

**Fla. Stat. §55.505 Notice of recording; prerequisite to enforcement.—**

(1)  At the time of the recording of a foreign judgment, the judgment creditor shall make and record with the clerk of the circuit court an affidavit setting forth the name, social security number, if known, and last known post office address of the judgment debtor and of the judgment creditor.

(2)  ***Promptly upon the recording of the foreign judgment and the affidavit, the clerk shall mail notice of the recording of the foreign judgment, by registered mail with return receipt requested, to the judgment debtor*** at the address given in the affidavit and shall make a note of the mailing in the docket. The notice shall include the name and post office address of the judgment creditor and of the judgment creditor's attorney, if any, in this state. In addition, the judgment creditor may mail a notice of the recording of the judgment to the judgment debtor and may record proof of mailing with the clerk. The failure of the clerk to mail notice of recording will not affect the enforcement proceedings if proof of mailing by the judgment creditor has been recorded.

(3)  ***No execution or other process for enforcement of a foreign judgment recorded hereunder shall issue until 30 days after the mailing of notice by the clerk and payment of a service charge of up to $42 to the clerk***, from which the clerk shall remit $4.50 to the Department of Revenue for deposit into the General Revenue Fund. When an action authorized in s. 55.509(1) is filed, it acts as an automatic stay of the effect of this section.

(Emphasis added.)

28.    Lastly, as another basis for actual damages, Defendants' lack of licensure, *supra*, deprives Florida taxpayers (like Plaintiff) of administrative review (a portion of one's Florida taxes goes towards this) of the business practices of out-of-state debt collectors. *Cf. Cooper v. Paris*, 413 So. 2d 772 (Fla. Dist. Ct. App. 1982).

## B. Establishing a Continuing Garnishment in Florida

29.    Garnishment is a creature of statute, unknown at common law. *Robinson v. Robinson,* 154 Fla. 464, 18 So.2d 29, 31 (1944). It is authorized as a method of collecting a monetary judgment against a defendant. In Florida, the right to garnishment is created under section 77.01, which states in relevant part:

> Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment, ***in the manner hereinafter provided***, to subject any debt due to defendant by a third person or any debt not evidenced by a negotiable instrument that will become due absolutely through the passage of time only to the defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person.

(Emphasis added.)

30.    Had Defendants not engaged in false representations and deceptive means while collecting on the judgment against Plaintiff, he would have been afforded the rights, *infra*, under Chapter 77. Instead, Defendants intentionally caused those rights to be stripped away, leaving Plaintiff without recourse to (a) challenge the default judgment or (b) challenge the writ of garnishment.

31.    Because of Defendants' unlawful and intimadatory collection tactics, Plaintiff never received the requisite "Notice to Defendant" from the clerk of court. Fla. Stat. §77.0041.

9

32.     Accordingly, Plaintiff was deprived of his right to file a "Claim of Exemption and Request for Hearing" as provided for in the statute. *Id*.

33.     In addition to suffering a deprivation of his statutory rights, Plaintiff was also monetarily damaged in the amount of $9,300.

34.     Defendants, through the use of a void and deceptively obtained garnishment order, intimidated TBPA to such an extent that it paid Defendants the entire amount demanded by Defendants, $9300.00, from its own pocket, under false threat of contempt of court and entry of a monetary judgment against it.

35.     TBPA then, absent mutual assent[5], commenced to identify the payment it made to Defendants as a loan contract and began deducting $250 per week from Plaintiff's paycheck.

36.     Plaintiff had no alternative but to submit to the weekly deductions, otherwise he would risk losing his job and possibly being sued by TBPA.

37.     Had Plaintiff been afforded the protections provided by Florida law, he would have been able to resolve the matter without involving TBPA.

---

[5] A contract requires mutual assent, *Gibson v. Courtois*, 539 So.2d 459, 460 (Fla. 1989), and a form contract that provides it is between two parties, that includes a signature line for both parties, and that has only one party's signature cannot—without more—demonstrate mutual assent. *Arena Football League v. Bishop*, 220 So. 3d 1243, 1245 (Fla. Dist. Ct. App. 2017).

38.     The simple fact, however, is that Defendants obtained a default judgment against Plaintiff in the amount of $9,231.37 on November 25, 2020, and upon information and belief, never notified Plaintiff of the judgment nor attempted to collect it. Instead, Defendants filed the judgment away, allowing it to accrue interest for approximately 2-1/2 years, then, again with out notice, initiated the Oklahoma garnishment action.

39.     Plaintiff is entitled to relief as set forth in 15 U.S.C. § 1692k.

## COUNT I
## VIOLATIONS OF THE FDCPA; 15 U.S.C. §§ 1692d, 1692e and 1692e(10)

40.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

41.     Section 1692d prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *Daley v. Bono*, 420 F. Supp. 3d 1247, 1263 (M.D. Fla. 2019).

42.     Defendants violated 1692d by using the void garnishment order to harass and threaten TBPA. Those actions were the proximate cause of Plaintiff's actual damages.

43.     Section 1692e, generally, prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of a debt. More specifically, Section 1692e(10) prohibits "the use

of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Owen v. IC System, Inc.*, 629 F.3d 1263, 1269 (11th Cir. 2011).

44.   Defendants violated 15 U.S.C. § 1692e(10) by, absent the necessary jurisdiction, obtaining a void garnishment order[6], using that order to abuse and intimidate TBPA, and to ultimately frighten TBPA into paying the full amount of the judgment, thereby wrongfully placing Plaintiff in debt to his employer and in fear of losing his job.

45.   15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiff requests judgment in his favor, and against Defendants, jointly and severally, for:

a. Statutory damages in the amount of $1,000 dollars;

b. Actual damages in the amount of $9,300.00 dollars;

b. Attorney's fees, litigation expenses and costs of suit;

c. Such other or further relief as the Court deems proper.

---

[6] A judgment or order entered by a court without having jurisdiction is void. *See, e.g., Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001).

12

Dated: November 21, 2023.

Respectfully submitted,

s/ *Scott D. Owens*
Scott D. Owens, Esq.
SCOTT D. OWENS, P.A.
2750 N. 29th Ave., Ste. 209A
Hollywood, FL 33020
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com