## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**WILLARD REVELS**,

    Plaintiff,

v.                             Case No. 8:23-cv-2668-WFJ-LSG

**MORGAN & ASSOCIATES, P.C.**,
and **BOBBY G. IRBY, ESQ.**,

    Defendants.

_____/

## <u>ORDER</u>

Before the Court is Plaintiff Willard Revels' Motion for Summary Judgment, Dkt. 29. Defendants Morgan & Associates and Bobby Irby have responded, Dkt. 33, and Plaintiff has replied, Dkt. 37. Plaintiff and Defendants also have filed Statements of Undisputed Facts, to which the parties have responded, Dkts. 30, 34, 38. Upon careful consideration of the parties' submissions, Plaintiff's Motion for Summary Judgment is granted as to Defendants' liability. The case will proceed as scheduled to trial on Plaintiff's damages.

## BACKGROUND

The material facts are not in dispute. Mr. Revels previously lived in Oklahoma, where the District Court of Pittsburg County entered a default judgment

1

against him in December 2020. Dkt. 34 ¶¶ 14, 16, 19. That lawsuit, filed by Defendants on behalf of Citibank, sought to recover monies owed on Plaintiff's delinquent credit card account. *Id.* ¶¶ 13, 14. Plaintiff avers that he incurred the Citibank debt for personal, family, or household expenses, and that $9,231.37 was the amount awarded to Citibank in the judgment. Dkt. 29-5 ¶¶ 5, 6.

Mr. Revels then moved to Florida in October 2021, at which point Defendants had not initiated garnishment proceedings. Dkt. 34 ¶¶ 16, 21. It was not until June 2023 that Defendants sought a continuing writ of garnishment from the District Court of Pittsburg County, Oklahoma. Dkts. 34 ¶ 21; 38 ¶ 21. Defendants' garnishment affidavit identified Plaintiff's Florida employer, Ashok K Modh MD PA, as having property belonging to Plaintiff. Dkts. 30 ¶ 4; 34 ¶ 21. Ashok K Modh MD PA is presently known as Tampa Bay Pulmonary Associates ("TBPA"), which is how the Court will refer to Plaintiff's employer hereinafter. Dkt. 29 at 2. TBPA, at its Tampa address, became the designated garnishee of the garnishment summons issued by the Pittsburg County Clerk of Court in July 2023. Dkt. 30 ¶ 5. Defendants sent the garnishment summons, plus a cover letter from Morgan & Associates signed by Bobby Irby, to TBPA. *Id.* ¶ 6.

TBPA ultimately paid the judgment amount in full. *Id.* ¶ 9. At first, TBPA did not answer the garnishment summons. Dkt. 34 ¶ 22. The Oklahoma court consequently issued an order in August 2023 directing TBPA to respond to the

garnishment summons or face a judgment in the amount of $9,366.01. Dkt. 30 ¶ 7. Morgan & Associates also mailed that order to TBPA. *Id.* ¶ 8. By the end of September 2023, TBPA sent a check to Defendants for $9,366, and Defendants filed a garnishment release with the Oklahoma court based on satisfaction of the judgment. Dkts. 29-3; 34 ¶¶ 29, 30, 31. TBPA now withholds portions of Plaintiff's paychecks as repayments. Dkts. 29-4; 30 ¶ 10; 34 ¶ 10.

Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, to challenge Defendants' collection methods. Dkt. 1 at 11–12. Specifically, Mr. Revels contends that the garnishment order was invalid because the Oklahoma court never had jurisdiction over TBPA. *Id.* Using an invalid garnishment order to extract payment from TBPA was thus abusive and deceptive in violation of the FDCPA. *Id.* Defendants offer many arguments in opposition to Plaintiff's Motion for Summary Judgment. *See generally* Dkt. 33. Below, the Court will explain why none are availing, and why Plaintiff is entitled to summary judgment.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Mize v. Jefferson City Bd. of Educ.*,

93 F.3d 739, 742 (11th Cir. 1996). An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact "might affect the outcome of the suit under the governing law[.]" *Id.*

The moving party bears the initial burden of identifying those portions of the record demonstrating the lack of a genuinely disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If met, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018) (citation and internal quotation marks omitted). To satisfy its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must go beyond the pleadings and "identify affirmative evidence" that creates a genuine factual dispute. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998).

In determining whether a genuine dispute of material fact exists, the Court must view the evidence and draw all factual inferences therefrom in a light most favorable to the nonmoving party. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). In addition, the Court must resolve any reasonable doubts in the nonmoving party's favor. *Id.* Summary judgment should be granted "[w]here the

record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita*, 475 U.S. at 587.

## DISCUSSION

The Court addresses Defendants' arguments in opposition to Plaintiff's Motion before explaining why Plaintiff is entitled to summary judgment. Pertinent to this entire Order are the three basic elements of an FDCPA claim: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt[] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) (citation and internal quotation marks omitted).

### I.    Defendants' arguments in opposition to Plaintiff's Motion for Summary Judgment are unavailing.

Contrary to Defendants' assertions, they engaged in debt collection activity, they are debt collectors, their receipt of TBPA's payment before actually garnishing Plaintiff's wages does not affect Plaintiff's claims, the tort of wrongful garnishment is not at issue, Plaintiff's claim is not barred by the *Rooker-Feldman* doctrine, and Defendants' arguments as to why they did not violate section 1692e(10) of the FDCPA are unavailing.

5

**A. Defendants engaged in debt collection activity.**

Defendants argue that their letter to TBPA was not a communication that constituted debt collection activity because it did not employ the typical debt collection language, and did not intend to induce the debtor to pay. Dkt. 33 at 4–6. Rather, it intended to inform TBPA of its obligation to answer the garnishment summons. *Id.* at 6. Plaintiff replies that Defendants' cumulative conduct—not just the cover letter—violated the FDCPA. Dkt. 37 at 4. Plaintiff asserts that "garnishment proceedings are considered 'collection activity' within the meaning and the scope of the FDCPA." *Id.* (citation omitted). Defendants' letter to TBPA contained the following message:

> Dear Garnishee:
>
> Enclosed are the official court documents for garnishment on the above stated case. You have seven (7) days after the end of the judgment debtor's present pay period, or if the debtor does not have regular pay periods, seven (7) days after any payment to the debtor, or thirty (30) days from the date of service of this summons upon you, whichever is earlier, to complete the garnishment answer, mail a copy of the answer to the Court Clerk and mail a copy to our office. If you fail to answer within the time allowed by law, we have an obligation to protect our client's interest, and may be forced to file proceedings with the Court in which we may ultimately be awarded a judgment against your company for the amount that the judgment debtor owes on the judgment. It is in your best interest to accurately and promptly answer the garnishment summons.

Dkt. 29-6.

The parties have argued different issues in response to whether Defendants engaged in debt collection activity; only Plaintiff's argument is relevant. For Defendants' role, to determine whether a communication is connected to debt collection, courts would "look to the language of the letters in question, specifically to statements that demand payment, discuss additional fees if payment is not tendered, and disclose that the law firm was attempting to collect a debt and was acting as a debt collector." *Pinson v. Albertelli Law Partners LLC*, 618 F. App'x 551, 553 (11th Cir. 2015) (citing *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014)). Ultimately, "[a] communication has the necessary nexus to debt collection under the FDCPA if it conveys information about a debt and its aim is at least in part to induce the debtor to pay." *Lamirand v. Fay Servicing, LLC*, 38 F.4th 976, 979 (11th Cir. 2022) (citation and internal quotation marks omitted).

For Plaintiff's part, courts have understood garnishment proceedings to be debt collection activity for purposes of the FDCPA. *See Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1294–95 (11th Cir. 2015) (in the context of attorneys filing a sworn reply in a garnishment proceeding, finding that "the FDCPA applies to attorneys . . . who regularly engage in debt collection activity, . . . [and to] documents filed in court in the course of judicial proceedings to collect on a debt"); *Collins v. Erin Cap. Mgmt., LLC*, 991 F. Supp. 2d 1195, 1212 (S.D. Fla. 2013) ("[Defendant] was not entitled to engage in debt collection activity by filing

garnishment actions without first registering with the State under the FCCPA.");
*Beltran v. RAS LaVRAR, LLC*, No. 6:18-cv-559-Orl-40TBS, 2018 WL 3327875, at
*1 n.3 (M.D. Fla. July 7, 2018) (explaining that in connection with "Defendant's
debt collection activities," Defendant mailed to Plaintiff several court documents,
including a motion for writ of garnishment, writ of garnishment, and claim of
exemption and request for hearing); *Lewis v. Hiday & Ricke, P.A.*, No. 17-60559-
CIV-DIMITROULEAS, 2018 WL 6308672, at *4 (S.D. Fla. Sept. 18, 2018)
("[N]umerous courts have addressed claims for violation of the FDCPA arising from
'collection activity' in the context of garnishment proceedings.").

In this case, the challenged conduct is Defendants' entire method of
garnishment, which is a recognized debt collection activity. *See supra*. Plaintiff
alleges that "Defendants violated 15 U.S.C. § 1692e(10) by, absent the necessary
jurisdiction, obtaining a void garnishment order, using that order to abuse and
intimidate TBPA, and to ultimately frighten TBPA into paying the full amount of
the judgment[.]" Dkt. 1 ¶ 44. It thus minimizes Defendants' alleged misconduct—
and misses the point—to suggest that Morgan & Associates' specific cover letter to
TBPA was not debt collection activity. While that letter may not have used language
demanding immediate payment or identifying Defendants as debt collectors, *see
Pinson*, 618 F. App'x at 553, it was sent pursuant to Defendants' garnishment

8

efforts. As garnishment proceedings are recognized debt collection activity for purposes of the FDCPA, Defendants engaged in debt collection activity.

## B. Defendants are debt collectors.

Defendants argue that Plaintiff cannot prove they are debt collectors. Dkt. 33 at 7–9. Defendants never assert that they are not debt collectors. Plaintiff replies by highlighting the request for admission where Morgan & Associates fundamentally admitted it is a debt collector. Dkt. 37 at 2–3. The request reads: "Admit that Morgan & Associates, P.C., regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Dkt. 29-1 ¶ 3. Morgan & Associates admitted. Moreover, Bobby Irby admitted in his responses to requests for admission that he is an attorney employed by Morgan & Associates. Dkt. 29-2 ¶¶ 1, 3. In this case, it is undisputed that Mr. Irby filed the initial garnishment affidavit in Oklahoma, and signed Morgan & Associates' cover letter to TBPA. Dkts. 30 ¶¶ 4, 6; 34 ¶¶ 4, 6.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who *regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.*" 15 U.S.C. § 1692a(6) (emphasis added).

As Morgan & Associates admitted to being the statutory definition of a debt collector, and Bobby Irby, Esq. admitted to working for Morgan & Associates, Defendants are debt collectors. Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."); *see also Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002). Defendants' later attempts to paint this fact as unestablished, in their responses to both Plaintiff's Motion for Summary Judgment and Plaintiff's Statement of Undisputed Facts, are unavailing. Dkts. 33 at 7–9; 34 ¶ 2. Morgan & Associates and Mr. Irby have not moved to withdraw or amend their admissions, rendering them "conclusively established." Fed. R. Civ. P. 36(b). Further, Defendants have declined to claim they are not debt collectors, let alone "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation and emphasis omitted). Defendants merely labeling a fact disputed does not make it genuinely disputed. *See Barham v. Royal Caribbean Cruises, Ltd.*, No. 20-22627-CIV-MORENO/GOODMAN, 2022 WL 17987302, at *3 (S.D. Fla. Oct. 4, 2022). They are debt collectors.

## C. Defendants' assertion that they did not actually initiate a garnishment against Plaintiff in Florida is fruitless.

The Court briefly acknowledges Defendants' argument that Plaintiff's grievances stem from TBPA's decision to pay his judgment rather than Defendants'

10

garnishment of his property. Dkt. 33 at 9–10. The Court notes, however, that this section of Defendants' response contains no citations, so its legal significance is unclear. Further, this factual "distinction" is actually consistent with Plaintiff's allegations, namely that Defendants violated the FDCPA by using an invalid garnishment order to deceive TBPA into paying the judgment. Dkt. 1 ¶ 44. The Court thus proceeds to Defendants' next argument.

### D. The tort of wrongful garnishment is not at issue.

Defendants argue that Plaintiff fails to state a wrongful garnishment claim because there has been no "bona fide termination" of the Oklahoma garnishment proceeding in Plaintiff's favor, as is an element of the tort of wrongful garnishment. Dkt. 33 at 10 (citing *Shanklin v. Midland Funding, LLC*, No. 20-60096-CIV-SINGHAL, 2020 WL 6498718, at *3 (S.D. Fla. Oct. 31, 2020)). Plaintiff, however, does not attempt to state a claim for wrongful garnishment. Plaintiff's one-count Complaint brings a claim under the FDCPA. Dkt. 1 at 11. Defendants' argument is thus irrelevant and the Court proceeds to the next.

### E. Plaintiff's claim is not barred by the *Rooker-Feldman* doctrine.

Defendants argue the *Rooker-Feldman* doctrine bars Plaintiff's claim because it asks this Court to review the Oklahoma court's final judgment, which is impermissible. Dkt. 33 at 11–14. Defendants contend with further specificity that

11

(1) Plaintiff's FDCPA claim is a "trojan horse" concealing his attack on the Oklahoma judgment, and (2) the Eleventh Circuit has not yet recognized an exception to *Rooker-Feldman* even where the judgment-issuing court lacked jurisdiction. *Id.* at 14–16. Plaintiff responds that the Oklahoma state court judgment is not, and never has been, under attack. Dkt. 37 at 7. Rather, Plaintiff contests the Defendants' subsequent debt collection methods. *Id.* at 8. *Rooker-Feldman* is thus inapplicable. *Id.*

The *Rooker-Feldman* doctrine precludes federal district court review of state court final judgments. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). "[T]hat task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Id.* (citation omitted). "The doctrine applies both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Id.* (citation omitted). An "inextricably intertwined" claim could "effectively nullify the state court judgment," or succeed "only to the extent that the state court wrongly decided the issues." *Id.* (citations and internal quotation marks omitted).

Courts narrowly apply the *Rooker-Feldman* doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,

544 U.S. 280, 284 (2005). In the FDCPA context, courts have distinguished between claims challenging the validity of state court judgments versus claims challenging defendants' debt collection methods. *Collins*, 991 F. Supp. 2d at 1203 (collecting cases). Courts have found that FDCPA claims contesting the latter do not implicate the *Rooker-Feldman* doctrine, as the legitimacy of the debt itself is not at issue. *Id.* (quoting *Solis v. Client Servs., Inc.*, No. 11-23798-CIV, 2013 WL 28377, at *5 (S.D. Fla. Jan. 2, 2013)); *see also Lewis*, 2018 WL 6308672, at *3.

Here, Plaintiff does not seek federal review of the Oklahoma court's judgment, so *Rooker-Feldman* does not bar his claim. Mr. Revels instead challenges Defendants' post-judgment garnishment efforts, namely their utilizing a garnishment order from an Oklahoma state court that lacked jurisdiction over TBPA. Dkt. 1 ¶ 44. This is a challenge to Defendants' debt collection methods, which are distinct and independent from the validity of the state court judgment. *See, e.g.*, *Collins*, 991 F. Supp. 2d at 1203; *Lewis*, 2018 WL 6308672, at *3. In other words, "[t]he fact that a state court judgment was entered recognizing the credit card debt is not mutually exclusive to claims that a debt collector violated the FDCPA in seeking to collect on the indebtedness . . . . Thus, the Court would not be overturning the state court's judgment, which concluded that the debt was enforceable, if it were to find Defendant liable for unfair debt collection practices." *Drew v. Rivera*, No. 1:12-CV-9-MP-GRJ, 2012 WL 4088943, at *3 (N.D. Fla. Aug. 6, 2012), *report and*

13

*recommendation adopted*, 2012 WL 4088871. Plaintiff's claim is not barred by the *Rooker-Feldman* doctrine.

Defendants' response also includes a case illustration to support its argument that Plaintiff's FDCPA claim is a "trojan horse" concealing his attack on the Oklahoma judgment, but the case is inapposite. Dkt. 33 at 14–15. In *Zettel v. Service Financial Co.*, the court found that *Rooker-Feldman* barred the plaintiff's FDCPA, unjust enrichment, and wrongful garnishment claims. 713 F. Supp. 3d 368, 380 (W.D. Ky. 2024). The claims alleged the defendant's garnishment was improper because it was based on a void judgment. *Id.* Since the court would have to find the state default judgment void for the plaintiff to prevail, *Rooker-Feldman* applied. *Id.* The three claims acted as "trojan horse[s]—concealing the real issue of the state court judgment within them." *Id.* The instant case does not present the same issue. As discussed above, Plaintiff challenges the subsequent garnishment as invalid rather than the Oklahoma court's default judgment. Dkt. 1 ¶ 44. As there is not an attack to the Oklahoma judgment implicit in Plaintiff's FDCPA claim, it is not a "trojan horse" vanquished by *Rooker-Feldman*.

Finally, Defendants unsuccessfully offer the Eleventh Circuit's position that it has "not yet recognized an exception to the *Rooker–Feldman* doctrine in cases where the state court that issued the underlying state court judgment lacked jurisdiction." *Ware v. Polk Cnty. Bd. of Cnty. Comm'rs*, 394 F. App'x 606, 609 (11th

14

Cir. 2010). This is irrelevant to the case at bar which, again, does not challenge the Oklahoma court's jurisdiction to enter the underlying judgment. Plaintiff challenges Defendants' later methods to collect on the judgment. Therefore, his claim is not barred by the *Rooker-Feldman* doctrine.

### F. Defendants' arguments as to why they did not violate section 1692e(10) of the FDCPA are unavailing.

Plaintiff claims violations of sections 1692d and 1692e of the FDCPA; Defendants deny that they violated either. Dkts. 1 ¶¶ 42, 44; 33 at 16–21. The Court need not address the parties' arguments regarding section 1692d because Defendants' conduct clearly violated section 1692e. In this section, the Court will dispense with Defendants' arguments in opposition. In the next section, the Court will explain why Defendants violated section 1692e(10) of the FDCPA and why Plaintiff is entitled to summary judgment.

Defendants first contend that "the judgment entered in the Oklahoma state court case, as well as the writ of garnishment as it flows from that judgment, isn't void as Plaintiff summarily contends." Dkt. 33 at 17. Defendants suggest the judgment is valid until vacated. *Id.* at 20 (citing *Fowler v. Humphrey Inv. Co.*, 286 P. 867, 869 (Okla. 1930)). And even if the Oklahoma court decided jurisdiction erroneously, the judgment is voidable but binding until reversed. *Id.* (citing *Burns v. Pittsburg Mortg. Inv. Co.*, 231 P. 887, 889 (Okla. 1924)).

15

Defendants' argument fails for two reasons. First, to the extent Defendants are arguing the Oklahoma default judgment is binding because it has not been set aside, Plaintiff does not contest the underlying judgment. He contests the subsequent collection methods. *See supra*.

Second, and more importantly, the garnishment's technical legal status being either void or voidable does not affect the relevant inquiry in this case, which is whether the debt collectors misbehaved. *See* 15 U.S.C. § 1692(e) ("It is the purpose of [the FDCPA] to eliminate abusive debt collection practices by debt collectors[.]"). In FDCPA cases, courts have considered debt collectors' conduct separately from state law issues (although state law is a related consideration in some instances). *See Currier v. First Resol. Inv. Corp.*, 762 F.3d 529, 534–35, 537 (6th Cir. 2014) (finding that the defendants placing an invalid judgment lien on the debtor's home "was not a mere technical violation of Kentucky law," but an improper legal burden and unfair collection practice Congress intended to prevent); *Vanhuss v. Kohn Law Firm S.C.*, 127 F. Supp. 3d 980, 991–92 (W.D. Wis. 2015) (finding, while defendants violated state law by seeking to garnish the funds of an entity against which they had no judgment, their conduct could constitute unfair debt collection "in and of itself"); *Thompson v. Renner*, No. 21-1366, 2022 WL 1262002, at *1–10 (6th Cir. Apr. 28, 2022) (finding, after the Michigan state court released the writ of garnishment over the Illinois garnishee for lack of jurisdiction, the defendants also violated the

16

FDCPA by "filing a garnishment request without reasonable grounds for jurisdiction"). Here, the question is whether it was fair for Defendants to pursue garnishment in a court that lacked jurisdiction over the garnishee (per Oklahoma's own personal jurisdiction laws). The answer is not impacted by Oklahoma law on the legal validity of garnishments pre- and post-objection. If anything, it seems detrimental to Defendants that a jurisdictionless garnishment is arguably binding on TBPA. Since the writ's being voidable versus void does not change Defendants' misconduct, their argument is unavailing.

Finally, Defendants argue that this case is not like other cases where this Court has found a violation of section 1692e(10). Dkt. 33 at 21. Specifically, Defendants in this case did not impermissibly try to collect more than Plaintiff owed. *Id.* (citing *Goodin v. Bank of Am. N.A.*, 114 F. Supp. 3d 1197, 1205–06 (M.D. Fla. 2015)). This argument is irrelevant as Mr. Revels does not allege that Defendants attempted to collect more than he owed. Debt collectors can violate section 1692e(10) in other ways, as will be discussed *infra*.

## II.    Plaintiff is entitled to summary judgment as Defendants violated section 1692e(10) of the FDCPA.

Plaintiff's allegations that Defendants violated section 1692e are the crux of his Motion for Summary Judgment. Dkt. 29 at 9. He argues the garnishment papers from the Oklahoma court were a deceptive misrepresentation that coerced TBPA

into paying the judgment amount when, in reality, the Oklahoma court had no jurisdiction over TBPA to compel any such action. *Id.* at 9–10.

First, recall that to prevail on his claim, Plaintiff must show that he has been the object of collection activity arising from consumer debt, and that Defendants are debt collectors who have engaged in conduct prohibited by the FDCPA. *Fuller*, 192 F. Supp. 2d at 1366 (citations and internal quotation marks omitted). As discussed *supra* section I.A., Mr. Revels was subject to Defendants' garnishment efforts, which courts have understood to be debt collection activity in this context. *See, e.g.*, *Miljkovic*, 791 F.3d at 1294–95. The parties do not dispute that Mr. Revels owes a debt incurred for personal, family, or household expenses, which is a consumer debt within the meaning of the FDCPA. 15 U.S.C. §§ 1692a(3), (5); Dkts. 30 ¶ 1 (citing Dkt. 29-5 ¶¶ 5, 6); 34 ¶ 1. Defendants are debt collectors. *Supra* section I.B. Therefore, the only outstanding element of a successful FDCPA claim is whether Defendants "engaged in an act or omission prohibited by the FDCPA." *Fuller*, 192 F. Supp. 2d at 1366 (citations and internal quotation marks omitted).

In general, the FDCPA aims to "eliminate abusive debt collection practices" by prohibiting certain tactics taken by debt collectors. 15 U.S.C. § 1692(e); *see, e.g.*, § 1692d ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."); § 1692e ("A debt collector may not use any false, deceptive, or

18

misleading representation or means in connection with the collection of any debt."). Sections of the FDCPA contain non-exhaustive lists of outlawed conduct. Somewhat generically, section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt[.]" Violations of the FDCPA are established using a strict liability standard; "a consumer need not show an intentional violation of the Act by a debt collector to be entitled to damages." *Lewis*, 2018 WL 6308672, at *4 (citation and internal quotation marks omitted).

Also relevant here, under Oklahoma law, "[a]ny creditor shall be entitled to proceed by garnishment in any court having jurisdiction against any person whom the creditor, in good faith, believes to be indebted to the creditor's debtor or has possession or control of any property belonging to such creditor's debtor, in the cases, upon the conditions, and in the manner described by law." Okla. Stat. tit. 12, § 1171(A). Oklahoma's long-arm statute provides that an Oklahoma court "may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States." Okla. Stat. tit. 12, § 2004(F). Plaintiff argues that TBPA has "no contacts" with Oklahoma, suggesting his objection to jurisdiction is based on the U.S. Constitution. Dkt. 29 at 10. "The Due Process Clause authorizes personal jurisdiction if two elements are met." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1229 (10th Cir. 2020). First, a defendant must have "purposefully established minimum contacts within the forum State." *Burger King*

*Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Next, "these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)).

There are additional factors a forum-state court would weigh in deciding whether it could appropriately exercise jurisdiction over a foreign defendant, see *Dental Dynamics*, 946 F.3d at 1229, but this Court need not reach them. TBPA has "never been in" and "has had no contacts" with Oklahoma, let alone "purposeful[]," "minimum contacts." Dkt. 29 at 10 (emphasis omitted); *Burger King*, 471 U.S. at 476. It is a Florida corporation with its principal office, and only office, in Tampa. Dkt. 29-5 ¶ 4. Plaintiff represents that TBPA has had absolutely zero interactions in or with Oklahoma. Dkt. 29 at 10. The Oklahoma court thus lacks any basis for jurisdiction over TBPA. *See Dental Dynamics*, 946 F.3d at 1229–32. As such, the Oklahoma court's garnishment of any of Plaintiff's funds in TBPA's possession would be invalid. *See, e.g.*, *Phoenix Bridge Co. v. Street*, 60 P. 221, 222–23 (Okla. 1900). Defendants plainly pursued garnishment in a court that lacked jurisdiction over TBPA under Oklahoma law. *See* Okla. Stat. tit. 12, §§ 1171(A), 2004(F).

Briefly, Defendants argue in their response that "Plaintiff's claim that the garnishment was void lacks merit" because the FDCPA allows debt collectors to bring legal actions against consumers in the judicial districts where a consumer (1)

"signed the contract sued upon," or (2) "resides at the commencement of the action." Dkt. 33 at 17; 15 U.S.C. § 1692i(a)(2). Since Plaintiff lived in Oklahoma when the underlying lawsuit was filed, Defendants contend, the garnishment was not void. Dkt. 33 at 17. Again, Plaintiff does not challenge the initial filing of the suit or the default judgment in Oklahoma. Defendants' separate garnishment efforts are at issue, which were clearly initiated in a court that lacked jurisdiction over TBPA.

In that vein, courts have found violations of the FDCPA where debt collectors deceptively used unenforceable legal documents for the purpose of extracting payments. *See, e.g.*, *Currier*, 762 F.3d at 535 (maintaining an invalid judgment lien on a debtor's home, which misleadingly "appear[ed] valid on its face," plausibly constituted an unfair debt collection practice); *Collins*, 991 F. Supp. 2d at 1212 (noting "[Defendant's] filing of the wage garnishment actions plainly qualifies as a violation of section 1692e(5) as actions that cannot legally be taken" because it failed to register with the state prior to engaging in debt collection activity as required); *Thompson*, 2022 WL 1262002, at *10 (affirming that defendants violated the FDCPA by pursuing garnishment in a state court with no jurisdiction over a foreign garnishee, and expressing relief that the plaintiff did not outright "pay the debt after receiving notice of the jurisdictionless Writ[.]"); *Lewis*, 2018 WL 6308672, at *5 (finding the defendants violated section 1692e by continuing to pursue garnishment using an invalid writ that had dissolved by operation of law).

21

Here, Defendants likewise violated section 1692e(10) to collect on Mr. Revels' debt by falsely representing that the Oklahoma court had jurisdiction over TBPA to effectuate any garnishment. Notwithstanding the Oklahoma court's lack of jurisdiction, Defendants proceeded to mail the garnishment orders and accompanying Morgan & Associates cover letter to TBPA. Dkt. 30 ¶¶ 5, 6, 8. The cover letter warned that nonresponse may ultimately result in the Oklahoma court entering a judgment against TBPA. Dkt. 29-6. These actions gave the misleading impression that the garnishment would be valid, when in reality it would not. *See Lewis*, 2018 WL 6308672, at *5. Indeed, TBPA paid the judgment amount in full. Dkt. 30 ¶ 9. As Defendants used a false representation to deceive TBPA into paying Mr. Revels' debt, they violated 15 U.S.C. § 1692e(10). There is no genuine dispute of material fact, and Plaintiff is entitled to summary judgment as to Defendants' liability as a matter of law.

### III. The case must proceed as scheduled to trial on Plaintiff's damages.

Although Defendants' liability is established, Plaintiff' Motion for Summary Judgment does not encompass the issue of damages—particularly statutory damages. In the conclusion to his Motion, he summarily contends that he is entitled to $1,000 in statutory damages, plus actual damages in the amount of $9,366 and attorney's fees and costs. Dkt. 29 at 14. Defendants do not discuss damages in their response.

The FDCPA authorizes district courts to award actual damages, statutory damages, and attorney's fees and costs. It provides in relevant part:

> (a) Amount of damages—Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
>
>> (1) any actual damage sustained by such person as a result of such failure;
>>
>> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
>>
>> (B) [language addressing class actions]; and
>>
>> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. . . .
>
> (b) Factors considered by court—In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors—
>
>> (1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional.

15 U.S.C. § 1692k. The FDCPA requires the question of damages, both actual and statutory, to be submitted to a jury. *Dickens v. GC Servs. Ltd. P'ship*, 706 F. App'x 529, 533–34 (11th Cir. 2017) (citing *Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir 1982)).

Particularly with regard to statutory damages and the section 1692k(b)(1) factors, the parties have not offered any argument on the amount to which Plaintiff

is entitled. Accordingly, at summary judgment, it is inappropriate for the Court to determine *sua sponte* the total amount of damages to award Plaintiff. *Dickens*, 706 F. App'x at 534 (vacating and remanding district court's award of statutory damages to FDCPA plaintiff because "[n]o party moved for summary judgment on damages" and the court "usurped the role of the jury by determining on its own the amount of statutory damages"). The case will thus proceed as scheduled to trial on Plaintiff's damages. *See Lewis*, 2018 WL 6308672, at *5 (granting plaintiff's motion for summary judgment as to liability only and keeping case set for trial as to plaintiff's damages).

**CONCLUSION**

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Plaintiff's Motion for Summary Judgment, Dkt. 29, is **GRANTED** as to Defendants' liability only.

(2) The case shall proceed as scheduled to trial on Plaintiff's damages.

**DONE AND ORDERED** in Tampa, Florida, on January 30, 2025.

*/s/ William F. Jung*        
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

24
